NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMON TORRES HERNANDEZ; FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization, <br><br>        Plaintiffs - Appellants, <br><br>  v. <br><br> JULIE A. SU, in her official capacity as United States Secretary of Labor; UNITED STATES DEPARTMENT OF LABOR, <br><br>        Defendants - Appellees, <br><br> and <br><br> EMPLOYMENT SECURITY DEPARTMENT, named as Washington State Employment Security Department, CAMI L. FEEK, in her official capacity as Commissioner, <br><br>        Defendants. | No. 24-7365 <br><br> D.C. No. 1:20-cv-03241-TOR <br><br> MEMORANDUM[*] |
| RAMON TORRES HERNANDEZ; FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, <br><br>        Plaintiffs - Appellees, | No. 25-314 <br><br> D.C. No. 1:20-cv-03241-TOR |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

EMPLOYMENT SECURITY
DEPARTMENT, CAMI L. FEEK,

Defendants,

and

JULIE A. SU; UNITED STATES
DEPARTMENT OF LABOR,

Defendants - Appellants.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted April 23, 2026
Seattle, Washington

Before: MURGUIA, Chief Judge, W. FLETCHER, and KOH, Circuit Judges.

Appellants Ramon Torres Hernandez and Familias Unidas por la Justicia appeal from the district court's order reducing their request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The government cross-appeals from the district court's order finding that its position was not substantially justified. We have jurisdiction under 28 U.S.C. § 1291. The parties are familiar with the facts, so we do not recount them here.

I.        Substantially Justified

Under the EAJA, prevailing parties are entitled to attorney fees unless "the

position of the United States was substantially justified." 28 U.S.C.

§ 2412(d)(1)(A). The parties do not dispute that Appellants are prevailing parties.

Thus, the government bears the burden of showing that the agency's underlying

conduct and its litigation position, even though not prevailing, were substantially

justified. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167–68 (9th

Cir. 2019). To establish substantial justification, the government needs to show

that its position was "justified to a degree that could satisfy a reasonable person."

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The government failed to establish that its approach to the prevailing wage

survey was consistent with a reasonable interpretation of its own regulations and

was neither arbitrary nor capricious. *See Meinhold v. U.S. Dep't of Def.*, 123 F.3d

1275, 1278 (9th Cir. 1997) ("If the government's position violates the Constitution,

a statute, or its own regulations, a finding that the government was substantially

justified would be an abuse of discretion."). We affirm the district court's holding

that the government's position was not substantially justified.

## II.    Degree of Success

Where a prevailing party "obtained excellent results, [the] attorney should

recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435

(1983). If, however, the party "achieved only partial or limited success," the court

may reduce the requested fee award. *Id.* at 436. When analyzing the degree of

success, the court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

Appellants succeeded in obtaining relief on several of their claims and secured injunctions against, and multiple amendments to, several years of prevailing wage surveys. These outcomes protected millions of dollars in wages for farmworkers. Appellants did not, however, achieve all of their stated goals, in part due to the duplicative claims raised in their second motion for preliminary injunction. Although Appellants may not have achieved the "excellent results" necessary to receive a full fee award, their accomplishments were nevertheless significant.

## III. Fee Reduction

The district court is required "to provide a concise but clear explanation of its reasons for the fee award." *Id.* at 437. "[T]he larger the difference between the fee requested and the fee awarded, the more specific articulation of the court's reasoning is expected." *Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020) (citations and internal quotations omitted). Although we review the district court's fee determination for abuse of discretion, *see Su v. Bowers*, 89 F.4th 1169, 1177 (9th Cir. 2024), decisions applying "across-the-board percentage cuts" to "large fee requests are subject to heightened scrutiny." *Gates v. Deukmejian*, 987 F.2d 1392,

24-7365

1399–400 (9th Cir. 1992).  A clear explanation of a fee award is especially important where the district court accepts the government's recommended percentage reduction.  *See id.* at 1400.

Here, the government recommended, and the district court applied, an across-the-board 75% reduction to Appellants' $437,432.99 fee request, resulting in a fee award of $109,358.25.  The district court's cursory, four-sentence explanation was insufficient to support such a significant reduction, particularly in light of the favorable results achieved.  We conclude that a greater fee award is justified, but we leave it to the district court to determine the amount in the first instance.

We reverse and remand for an upward adjustment of the fee award and an explanation that "consider[s] the relationship between the amount of the fee awarded and the results obtained."  *Hensley*, 461 U.S. at 437.  Costs are to be taxed against the federal government parties.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**